(No. 75-CV-182–

MICHAEL PETERSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1975.*

MICHAEL PETERSON, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on September 8, 1974, near Dam 1 of the Forest Preserve in Wheeling, Illinois. Michael Peterson, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims' Compensation Act", *Ill. Rev. Stats., 1973, Ch. 70, §71, et. seq.* (hereafter referred to as the "*Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney Gen-

eral of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Michael Peterson, age 26, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery" (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on September 8, 1974, the claimant was beaten and robbed in the Wheeling Forest Preserve by two men that he had met a few minutes earlier in the Foremost Liquors Tavern, Wheeling.

3. That statements taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

4. That the victim sustained numerous injuries for which he was hospitalized. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That one of the two assailants, Daniel Krueger, was convicted of Aggravated Battery in the Arlington Heights Court on October 15, 1974, (Indictment #74-VC-254806). The other assailant has not been identified.

6. That there is no evidence that the victim and his assailant were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. That the victim's average monthly earnings for the six months immediately preceding his injury were $464.00.

9. That the victim, as a result of his injuries, was unable to work during the period of September 8, 1974, through October 7, 1974, a period of one month. In accordance with the statutory limit of compensation of $500 per month, the victim is entitled to $464.00.

10. That in addition to loss of earnings, the claimant incurred medical and hospital expenses which were not covered by insurance benefits, and the gross amount of the pecuniary loss for these items is as follows:

| | | |
|---|---|---|
| 1) | Hospital | $553.50 |
| 2) | Radiologists | $ 48.00 |
| 3) | Doctors | $100.00 |
| | | $701.50 |

11. That there is no evidence that claimant has received any compensation from local, state or federal funds, or insurance of any kind, but that claimant was awarded $250.00 circuit court ordered restitution from assailant. [Arlington Heights Court]

12. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) twenty-five thousand dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $250.00. This amount,

plus the statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in ¶9 and ¶10 leaves an amount of compensable loss, sustained by the claimant of $715.50.

13. That the proof submitted in support of this claim satisfies all of the requirements of this act, and the claim is therefore compensable thereunder.

It Is Hereby Ordered that the total sum of $715.50 (Seven Hundred Fifteen Dollars And Fifty Cents) be immediately paid to the claimant, an innocent victim of a violent crime, from the Court of Claims fund as a complete payment of the total amount of this award.